Marc E. Hankin (SBN: 170505)
Marc@HankinPatentLaw.com
Kevin Schraven (SBN: 259446)
Kevin@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Tel: (310) 979-3600
Fax: (310) 979-3603

Attorneys for PLAINTIFF,
**WTP IP HOLDINGS, LLC**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WTP IP HOLDINGS, LLC, a Delaware limited liability company,

Plaintiff,

v.

EASY LEGAL, INC., a California corporation, CAMI HERSHKOVITZ, an individual and DOES 1 through 5, inclusive,

Defendants.

CASE No. 2:15-CV-02176

**PLAINTIFF'S VERIFIED COMPLAINT FOR:**

1. **DIRECT AND CONTRIBUTORY TRADEMARK INFRINGEMENT PURSUANT TO SECTION 32 OF THE LANHAM ACT;**
2. **DIRECT AND CONTRIBUTORY TRADEMARK INFRINGEMENT PURSUANT TO SECTION 43(A) OF THE LANHAM ACT;**
3. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION PURSUANT TO SECTION 43(A) OF THE LANHAM ACT;**
4. **COMMON LAW TRADEMARK INFRINGEMENT;**
5. **COMMON LAW UNFAIR COMPETITION;**
6. **VIOLATION OF CAL. BUS & PROF CODE §§ 14245 AND 17200, ET. SEQ.;**

**DEMAND FOR JURY TRIAL.**

Plaintiff WTP IP HOLDINGS, LLC ("WTP" or "Plaintiff") for its Verified Complaint against defendants EASY LEGAL, INC. ("Easy Legal"), a California

corporation, CAMI HERSHKOVITZ, ("Hershkovitz") an individual, and DOES 1 through 5, inclusive (collectively "Defendants") states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 because this action involves claims arising under the Lanham Act, 15 U.S.C. §1051, et seq., and related state-law claims.

2. This Court has personal jurisdiction over Defendants who, upon information and belief, are citizens and domiciliaries of the State of California and this District.

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(1) because Defendants, upon information and belief, are residents of this District and the acts complained of have been committed in this District.

**NATURE OF THE ACTION**

4. Plaintiff brings this action against Defendants as a result of their deliberate and willful uses of Plaintiff's trademarks without Plaintiff's authority, and/or their causing, inducing or materially contributing to such uses, which constitute: (a) direct and contributory trademark infringement, unfair competition and false designation of origin under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); (b) common law trademark infringement and unfair competition; and (c) violations of California Business and Professions Code §§ 14245 and 17200, *et. seq.*

5. Plaintiff seeks to recover actual, punitive and treble damages, along with Defendants' profits, as well as costs and attorneys' fees, arising from Defendants' conduct and permanent injunctive relief.

**PARTIES**

6. Plaintiff WTP is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 113 Barksdale

Professional Center, Newark, DE 19711. WTP owns and operates a directory service that lists businesses that provide legal document preparation services. WTP is also a trademark licensor.

7. Defendant Easy Legal, a California corporation, upon information and belief, is a legal document preparation service, with its principal place of business at 18044 Ventura Blvd., Encino, California 91316.

8. Defendant Cami Hershkovitz, upon information and belief, is an owner and manager of Easy Legal, and resides in Los Angeles.

9. The defendants named herein as DOES 1 to 5, inclusive, and each of them, are unknown to WTP, who theretofore sues such "DOES" defendants by fictitious names pursuant to F.R.Civ.P. 4 and L.R. 19-1. WTP is informed and believes, and thereon alleges, that each fictitiously named "DOE" Defendant is in some manner, means or degree responsible for the events and happenings herein alleged. WTP will amend this *Verified* Complaint, as necessary, to set forth the true names and capacities of the fictitiously designated "DOE" Defendants when the same have been ascertained.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10. WTP is a directory listing service of businesses that provide legal document preparation and related services all across the United States and within California.

11. WTP, its licensees, its predecessors and it and its predecessors' licensees have been using trademarks incorporating the phrase WE THE PEOPLE (the "Marks") in connection with legal document preparation services since at least as early as 1985. The Marks are utilized commercially in interstate commerce.

12. WTP owns three Federal Trademark Registrations for the Marks: Registration No. 2,075,797, for WE THE PEOPLE, for paralegal and computerized legal document preparation services; Registration No. 3,560,049, for WE THE

PEOPLE DOCUMENT PREPARATION SERVICES, for paralegal services; and Registration No. 4,161,415, for WE THE PEOPLE TAX PREPARATION SERVICES, for tax preparation services. A true and correct copy of each of the Registered Trademarks' Trademark Electronic Search System is attached hereto as Exhibit A.

13. WTP also owns and operates the website, http://www.wethepeopleusa.com, which provides information regarding its directory listing services, offers a directory of stores owned by its members, and lists stores owned by its subscribers, including stores in California. Given the ability of customers of Plaintiff's licensees to access its licensee's services through the Internet, Plaintiff effectively is doing business in the Los Angeles area. A true and correct copy of a screenshot of http://www.wethepeopleusa.com is attached hereto as Exhibit B.

14. In or around February 2007, Easy Legal was incorporated in California and began engaging in business, *inter alia*, as a document preparation service.

15. Upon information and belief, Defendants have used, at least, "WE THE PEOPLE" on Defendants' online advertising and various online listings.

16. WTP became aware of Defendants' use of, at least, "WE THE PEOPLE" on or about October 2012.

17. At one point, Defendants were associated with WTP's predecessor-in-interest, but Defendants either left or were removed from association sometime within the year 2009.

18. Upon information and belief, Defendants currently operate at least three offices associated with Easy Legal, at the addresses and telephone numbers as follows:

a. 18044 Ventura Blvd. Encino, CA 91316, Tel: (818) 774-1966;

b. 2827 E. Thompson Blvd. Ventura, CA 93003, Tel: (805) 641-2010; and

c. 4234 Hitch Blvd. Moorpark, CA 93021, Tel: (805) 529-7800.

19. At least one of the Defendants' offices identified in Paragraph 18 is located within an area to which WTP has granted an exclusive license to a subscriber to use the WTP Marks.

20. Upon information and belief, Defendants own and operate the website titled "Easy Legal," which is located at the URL www.easylegal.net, which, upon information and belief, was created in or around 2010 (the "Website"). A true and correct copy of a screenshot of http://www.easylegal.net is attached hereto as Exhibit C.

21. Upon information and belief, Defendants have caused a listing to be posted on Manta, available at http://www.manta.com/c/mm0pr82/easy-legal-we-the-people, which uses WTP's Marks. A true and correct copy of a screenshot of http://www.manta.com/c/mm0pr82/easy-legal-we-the-people is attached hereto as Exhibit D.

22. According to the Manta page described in Paragraph 21, Cami Hershkovitz updated the company profile.

23. Upon information and belief, Defendants have caused a listing to be posted on Angie's List, available at http://www.angieslist.com/companylist/us/ca/ventura/easy-legal--we-the-people-reviews-6379076.htm, which uses WTP's Marks. A true and correct copy of a screenshot of http://www.angieslist.com/companylist/us/ca/ventura/easy-legal--we-the-people-reviews-6379076.htm is attached hereto as Exhibit E.

24. Upon information and belief, the information on the Angie's List page identified in Paragraph 23 was posted by Cami Hershkovitz, or someone acting under her instruction.

25. Upon information and belief, Defendants have caused a listing to be posted on Google+, available at

https://plus.google.com/100868032811117504109/about?hl=en, which uses WTP's Marks. A true and correct copy of a screenshot of https://plus.google.com/100868032811117504109/about?hl=en is attached hereto as Exhibit F.

26. Upon information and belief, Defendants have caused a listing to be posted on WhereOrg, available at http://www.whereorgca.com/we-the-people-legal-document-1397114, which uses WTP's Marks. A true and correct copy of a screenshot of http://www.whereorgca.com/we-the-people-legal-document-1397114 is attached hereto as Exhibit G.

27. Upon information and belief, Defendants have caused a listing to be posted on CompanyEgg, available at https://www.companyegg.com/b/us/ca/we-the-people-encino, which uses WTP's Marks. A true and correct copy of a screenshot of https://www.companyegg.com/b/us/ca/we-the-people-encino is attached hereto as Exhibit H.

28. Upon information and belief, Defendants have caused the search query "we the people ventura" when entered into Google to return links and information directing searchers to Defendants' websites, thereby diverting customers looking for WTP subscribers to Easy Legal and Easy Legal's website, www.easylegal.net. A true and correct copy of a screenshot of Google results of the search query "we the people ventura" is attached hereto as Exhibit I.

29. On or about October 15, 2012 WTP initially reached out to Defendants, in good faith, with an offer for Defendants to become subscriber, which was rejected by Defendants, who stated that Defendants wanted nothing to do with WTP.

30. Since on or about October 15, 2012, there have been numerous communications, including Cease and Desist Letters, back and forth between WTP and Defendants, wherein Defendants state they would not use WTP's Marks.

31. Defendants have been aware of WTP's Trademarks and intellectual

property rights since at least the incorporation of Easy Legal.

32. On or about February 8, 2015, WTP sent to Defendants another "Legal Notice and Demand to Cease and Desist Unauthorized Use of We The People Trademark".

33. The February 8, 2015 email was sent to easylegal@yahoo.com and webmaster@theGEEKsters.com.

34. Hershkovitz has access and reviews emails sent to the easylegal@yahoo.com email address.

35. Upon information and belief, the webmaster@theGEEKsters.com email address is maintained by Defendants' IT support company.

36. Defendants did not respond to the February 8, 2015 email.

37. On March 4, 2015, Counsel for WTP sent to Defendants a Demand Letter which demanded that Defendants cease its infringing use of WTP's Marks to which there has been no response. A true and correct copy of the March 4, 2015 Demand Letter is attached hereto as Exhibit J.

38. Defendants' continued use of the Marks is willful and has caused and/or is likely to cause consumer confusion and harm to Plaintiff's goodwill.

## FIRST CLAIM FOR RELIEF

(Direct and Contributory Trademark Infringement
pursuant to Section 32 of the Lanham Act)

39. Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-38 above as if set forth fully herein.

40. Defendants have used and are using the Marks and/or have induced or materially contributed to such use in commerce in connection with the sale, offering for sale, distribution, and advertising of Defendants' legal document preparation services.

41. Defendants' use of the Marks is likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

42. Defendants' continued use of the Marks without Plaintiff's consent and and/or causing, inducing or materially contributing to such use constitutes direct and/or contributory trademark infringement pursuant to Section 32 of the Lanham Act, 15 U. S .C. § 1114.

43. Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

44. Defendants' acts were done intentionally and with knowledge of Plaintiffs rights, and thus constitute deliberate and willful infringement.

45. As a result of this trademark infringement, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## SECOND CLAIM FOR RELIEF

(Direct and Contributory Trademark Infringement pursuant to Section 43(a) of the Lanham Act)

46. Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-45 above as if set forth fully herein.

47. Defendants have used and are using the Marks and/or have induced or materially contributed to such use in commerce in connection with the sale, offering for sale, distribution, and advertising of Defendants' legal document preparation services.

48. Defendants' use of the Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

49. Defendants' continued use of the Marks without Plaintiff's consent and and/or causing, inducing, or materially contributing to such use constitutes direct and contributory trademark infringement pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

51. Defendants' acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful infringement.

52. As a result of this trademark infringement, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

**THIRD CLAIM FOR RELIEF**

(False Designation of Origin and Unfair Competition pursuant to Section 43(a) of the Lanham Act)

53. Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-52 above as if set forth fully herein.

54. Defendants' continued use of the Marks without Plaintiff's consent and/or causing, inducing or materially contributing to such use constitutes false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a).

55. Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such unlawful acts.

56. Defendants' acts were done intentionally and with knowledge of Plaintiff's rights.

57. As a result of Defendants' false designation of origin and unfair competition, Plaintiff has sustained and is continuing to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

(Common Law Trademark Infringement)

58. Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-57 above as if set forth fully herein.

59. Defendants' continued use of the Marks without Plaintiff's consent and and/or causing, inducing, or materially contributing to such use constitutes trademark infringement under California common law.

60. Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

61. Defendants' acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful-infringement.

62. As a result of this trademark infringement, Plaintiff has sustained continues to sustain damages in an amount to be determined at trial, plus interest,

costs, and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

(Common Law Unfair Competition)

63. Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-62 above as if set forth fully herein.

64. Defendants' continued use of the Marks without Plaintiffs' consent and/or causing, inducing, or materially contributing to such use constitutes unfair competition under common law.

65. Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction, restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such unlawful acts.

66. Defendants' acts were done intentionally and with knowledge of Plaintiffs' rights.

67. As a result of Defendants' unfair competition, Plaintiff has sustained and is continuing to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**

(Violation of California Business and Professions Code §§ 14245 and 17200, et. seq.)

68. Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-67 above as if set forth fully herein.

69. Defendants' conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent and/or deceptive business acts and/or practices in the conduct of any trade or commerce in violations of California Business and Professions Code § 17200.

70. Defendants' conduct, in violation of California Business and Professions Code §§ 14245 and 17200, *et seq*., has caused, and is likely to cause, public confusion, deception, mistake, and infringes Plaintiff's rights, including its trademark rights and good will associated with it.

71. Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such unlawful acts.

72. As a result of Defendants' actions, Plaintiff has sustained and is continuing to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff prays for judgment to be entered in its favor and against Defendants, and each of them, as follows:

A. That Defendants, their officers, agents, employees, representatives, servants, successors, assigns and all persons, firms, corporations or entities either acting directly or indirectly in concert with them or under their direction, control, or authority, be permanently enjoined from further use of the Marks and enjoined from further use of the Marks during the pendency of this action;

B. That Plaintiff be awarded the damages that Plaintiff has sustained and the profits that Defendants have derived as a result of their trademark infringement, false designation of origin, unfair competition and other misconduct specified herein, in an amount to be determined at trial;

C. That Plaintiff be awarded treble damages in accordance with section 35 of the Lanham Act, 15 U.S.C. § 1117, and/or awarded exemplary or punitive damages as is deemed appropriate because of the willful and

intentional nature of Defendants' conduct;

D. That Plaintiff be awarded interest and costs of this action together with statutory attorneys' fees pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117;

E. That Defendants be ordered to make restitution to Plaintiff for any unjust enrichment caused by virtue of their unlawful conduct as complained of herein; and

F. That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully Submitted,
**HANKIN PATENT LAW, APC**

Date: March 24, 2015

By: /Marc E. Hankin/

Marc E. Hankin (SBN# 170505)
Attorney for PLAINTIFF,
**WTP IP HOLDINGS, LLC**

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6(a), Plaintiff hereby demands a Trial by Jury as to all issues so triable.

Respectfully Submitted,
**HANKIN PATENT LAW, APC**

Date: March 24, 2015

By: /Marc E. Hankin/

Marc E. Hankin (SBN# 170505)
Attorney for PLAINTIFF,
**WTP IP HOLDINGS, LLC**

**VERIFICATION**

I am a co-owner and Member of PLAINTIFF, WTP IP HOLDINGS, LLC. I have read the foregoing Verified Complaint and Exhibits thereto, and I know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the State of California and the United States that the foregoing is true and correct. Executed at Los Angeles, California, on March 24, 2015.

By: ______________________

AR Edouni